UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROGER JACKMAN *et al.*, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 07-1103 (RWR) |
| THE UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Plaintiff, a prisoner proceeding *in forma pauperis*, filed this *pro se* complaint, proposing to represent a class of registered sex offenders, incarcerated sex offenders, and those who have been victims of sexual assaults, violence, and physical abuse. Because it appears that jurisdiction is lacking, the complaint will be dismissed without prejudice.

The complaint in this case expresses the plaintiff's view that a failure of legislation and sound penal policy has resulted in prison and social conditions that are unnecessarily punitive, oppressive, and counter-productive, and do not adequately address the social problem of sexual offenders and victims. The complaint does not allege specific facts, but contains only sweeping generalities. It identifies no federal law that allegedly has been violated. It does not identify any right of action that serves as the vehicle for this case. It seeks monetary damages to be allocated to class members on a *per capita* basis, unrelated to the extent of injury. The only defendant identified is the United States of America, although the complaint criticizes both "the United States of America and its states and their governments." (Compl. ¶ 46.)

A federal court's jurisdiction is limited in multiple ways.  Law requires that a federal court carefully examine its own jurisdiction anytime it appears to be in question.  *Commodity Futures Trading Commission v. Nahas,* 738 F.2d 487, 492 (D.C. Cir. 1984).  A court has no jurisdiction where the defendant named is immune from suit.  The United States of America, as a sovereign, is immune from suit except where it has expressly waived its immunity by statute.  *United States v. Sherwood,* 312 U.S. 584, 586 (1941); *Council on Am. Islamic Rels., Inc. v. Ballenger,* 366 F.Supp.2d 28, 32 (D.D.C. 2005).  The plaintiff has not identified any statute by which the United States consents to this suit.  The complaint expresses no discernable basis for the exercise of jurisdiction over this case.  Accordingly, the case must be dismissed for want of jurisdiction.  *See also* 28 U.S.C. § 1915A(b)(2) (requiring dismissal of a complaint filed by a prisoner plaintiff proceeding *in forma pauperis* if the suit "seeks monetary relief from a defendant who is immune from such suit").

A final order accompanies this memorandum opinion.

Date:  November 5, 2008

/s/
RICHARD W. ROBERTS
United States District Judge